UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRIAN J. MICHALEK,<br><br>               Plaintiff,<br><br>    v.<br><br>JEFFERSON COUNTY COURTHOUSE, *et al.*,<br><br>               Defendants. | CASE NO. 3:19-cv-06057-BHS-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR: **February 14, 2020** |

This 42 U.S.C. § 1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. *See* Dkt. 2. Plaintiff's proposed complaint contains no cognizable claims and all his allegations and claims are redundant with litigation filed by plaintiff that is already pending in this Court. Therefore his proposed complaint should be dismissed, his *in forma pauperis* motion should be denied, and this matter should be closed.

**DISCUSSION**

Where an incarcerated litigant seeks to bring claims against a government official or entity, the Court has authority to screen the proposed complaint before docketing and to dismiss the complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. However, because plaintiff is *pro se*, the Court will offer him an opportunity to amend his complaint unless it appears that any amendment would be futile. *See Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002).

Here, plaintiff seeks to bring a variety of claims under 42 U.S.C. § 1983 against his public defender and two municipal entities—the Jefferson County Courthouse and "Jefferson Associated Counsel." Dkt. 1-1, at 1. Plaintiff requests both monetary relief and "rel[ea]se from jail." Dkt. 1-1, at 9.

Plaintiff's claims for immediate release are not appropriate in a § 1983 action. *See Preiser v. Rodriguez*, 411 U.S. 475, 503 (1973). Rather, to the extent that plaintiff is challenging the constitutionality of his pretrial detention/physical confinement and seeks immediate release, this claim must be raised in a habeas corpus petition under 28 U.S.C. §2241 rather than a § 1983 complaint. Because claims for immediate release from confinement are not cognizable in a § 1983 complaint, the opportunity to amend his claims for injunctive relief before dismissing them from this matter would be futile.

As for plaintiff's claims for damages, a state public defender performing traditional lawyer functions is not a state actor. *See Polk County v. Dodson,* 454 U.S. 312, 324–25 (1981); *Miranda v. Clark County,* 319 F.3d 465, 468 (9th Cir. 2002). Plaintiff alleges that his public defender performed deficiently when she failed to request a physiological evaluation in a fast and

speedy manner and used a statute "out of conte[x]t." *See* Dkt. 1-1, at 4–5, 8. These are lawyer functions and the claim that they were performed deficiently does not render the public defender a state actor under § 1983—a conclusion that the Court has already reached in plaintiff's earlier § 1983 regarding these claims. *See Miranda v. Clark Cty.*, 319 F.3d 465, 468 (9th Cir. 2002); Dkt. 21, *Michalek v. Noel et al.*, No. 3:19-cv-05605-RJB-TLF (report and recommendation to dismiss these claims with prejudice on the same basis). Because plaintiff's claims are essentially a request for damages because his public defender performed deficiently and because his claims have previously been dismissed with prejudice, plaintiff should not be allowed the opportunity to amend his proposed complaint regarding these claims before the matter is closed.

Finally, regarding plaintiff's claim for damages against what appear to be two departments of Jefferson County, he has failed to name the proper defendant—Jefferson County. *See, e.g.*, *Vance v. Cty. of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996).

Moreover, even if plaintiff amends his pleading to list Jefferson County as a defendant, his claim is inadequate because local governments are not liable simply on the basis that their employees committed misconduct. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011). A claim against a municipality requires a showing that the constitutional violation was committed "pursuant to a formal governmental policy or a 'longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity.'" *Gillette v. Delmore*, 979 F.2d 1342, 1346 (9th Cir. 1992) (citation omitted). A plaintiff must show that the policy, practice, or custom caused the constitutional deprivation. *See Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). Here, plaintiff does not allege that any particular policy, custom, or practice that was the moving force behind the alleged constitutional violation. *See* Dkt. 1-1.

Finally, the undersigned recommends that this matter be dismissed without an opportunity for plaintiff to correct the deficiencies in his proposed complaint for the additional reason that plaintiff already has litigation pending in this Court regarding each of his claims. Plaintiff's pending § 1983 before the Court under case number 3:19-cv-05605-RJB-TLF includes his claims of false imprisonment related to his arrest on February 19, 2019. *See* Dkt. 18, at 6, *Michalek v. Noel et al.*, No. 3:19-cv-05605-RJB-TLF. Plaintiff has also filed a habeas petition requesting release from confinement on the basis that (as he alleges here) he was subject to a false arrest, to false imprisonment, to kidnapping, and coercion and that his public defender improperly called for an evaluation. *See* Dkt. 9, at 3, 11, *Michalek v. Kaida et al.*, No. 3:19-cv-06023-BHS-DWC. Because plaintiff's claims in this matter are all duplicative of his other litigation, his complaint in this matter should be dismissed, plaintiff should not be offered the opportunity to amend the complaint, and this matter should be closed.

**CONCLUSION**

For the reasons set forth above, the Court recommends the plaintiff's proposed complaint (Dkt. 1-1) be dismissed, that the *in forma pauperis* motion (Dkt. 1) be denied, and that this matter be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit

1  imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **February 14,**
2  **2020,** as noted in the caption.
3      Dated this 27th day of January, 2020.

                  J. Richard Creatura
                  United States Magistrate Judge